UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JILL CARUSO**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-1136 |
| v. | ) | |
| | ) | |
| **YK ENGLE RD LLC**, an Ohio limited | ) | Judge: |
| liability company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, JILL CARUSO, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant **YK ENGLE RD LLC** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1.  This action is brought by the Plaintiff, Jill Caruso, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2.  The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as

1

Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.     Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*.  The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4.     Plaintiff, JILL CARUSO ("Plaintiff" or "Ms. Caruso") is a Monroe County, Michigan resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.     The Defendant YK ENGLE RD LLC owns and/or operates a hotel located at 7230 Engle Road, Middleburg Heights, OH 44130 known as Crowne Plaza Cleveland Airport in Cuyahoga County.

6.     Plaintiff has patronized Defendant's property previously as a place of public accommodation, and she has experienced the barriers to access complained of herein.

7.     Upon information and belief, the facility owned or operated by the Defendant YK ENGLE RD LLC is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.  Defendant's hotel is a place of public accommodation.  Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8.     Plaintiff, JILL CARUSO is diagnosed with spina bifida and qualifies as an individual with

disabilities as defined by the ADA.  Plaintiff uses a wheelchair for mobility.  As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Ms. Caruso is an avid adaptive sports fan, including wheelchair basketball.  She travels throughout the Midwest regularly to enjoy adaptive sports events and socialize with friends.  On the night she stayed at this Crowne Plaza property with another wheelchair user friend and overnight guest, Caruso was in town to watch a wheelchair basketball tournament in the area.

10. On March 16-17, 2024, Plaintiff was an overnight guest at Defendant's property, and she plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered her safety and protected access to Defendant's place of public accommodation.

11. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of

3

other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13.     The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14.     The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15.     A preliminary inspection of the hotel, including its facilities, has shown that many

violations of the ADA exist.  These violations include, but are not limited to:

Accessible Routes & Parking

A.  The passenger loading zone lacks a marked access aisle, in violation of the ADA and
Section 503 of the 2010 Standards, whose remedy is strictly required or, at minimum is
readily achievable.

B.  The threshold to enter the hotel exceeds ½ inch, in violation of the ADA and section
404.2.5 of the 2010 Standards and 1991 ADAAG section 4.13.8, whose remedy is strictly
required or, at minimum is readily achievable.

C.  There are no designated van accessible parking spaces, in violation of the ADA and
section 208.2.4 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is
strictly required or, at minimum is readily achievable.

D.  There are cracks, changes in level, and broken concrete on the accessible route from the
designated accessible parking to the entrance, in violation of the ADA and section 303.2
of the 2010 Standards and 1991 ADAAG section 4.3.8, whose remedy is strictly required
or, at minimum, readily achievable.

E.  Defendant has failed to maintain its exterior accessible features as evidenced by fading
paint, cracks in asphalt, and broken concrete, in violation of the ADA and C.F.R.
§36.211, whose remedy is strictly required or is at minimum readily achievable.

F.  An interior ramp near the pool lacks compliant handrails on both sides of the ramp, in
violation of the ADA and section 505.1 of the 2010 Standards and 1991 ADAAG section
4.8.5 whose remedy is strictly required or, at minimum, readily achievable.

5

**Access to Goods and Services**

G.  The lowered portion of the registration counter does not meet the required width, in violation of the ADA and Section 904.4 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

H.  The hotel courtesy shuttle is completely inaccessible to guests who use wheelchairs, in violation of the ADA whose remedy is strictly required or is at minimum readily achievable.

I.  The hotel's adaptive pool lift is not maintained and was inoperable, in violation of the ADA and Section 1009.2.7 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

J.  There is not at least 36 inches of maneuvering clearance between fitness equipment, in violation of the ADA and section 403.5.1 of the 2010 Standards and 1991 ADAAG Section 4.3.3, whose remedy is strictly required or, at minimum, readily achievable.

K.  The water fountain is not at the required height and lacks required knee and toe clearance, in violation of the ADA and Section 602 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable

**Lobby Restrooms**

L.  Signage for the lobby restrooms lacks the international symbol of accessibility and tactile Braille, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required, or at minimum, readily achievable.

M.  Restroom entrances lack maneuvering clearance at the latch side, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose

remedy is strictly required or, at minimum, is readily achievable.

N. There is no lowered urinal with required clear floor space in the men's restroom, in violation of the ADA and Section 605 of the 2010 Standards and 1991 ADAAG section 4.18, whose remedy is strictly required or, at minimum, is readily achievable.

O. Grab bars around the water closet in the men's restroom toilet compartment are entirely absent, in violation of the ADA and Section 604.5 of the 2010 Standards and 1991 ADAAG Section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

P. The men's restroom toilet compartment lacks required clear floor space around the water closet, in violation of the ADA and section 604.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Q. The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

R. The toilet paper dispenser in the men's restroom is not mounted in the required location, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.6, whose remedy is strictly required or, at minimum, readily achievable.

S. There are amenities in the men's restroom, including towel dispenser and soap dispenser, that are located in excess of allowable reach ranges, in violation of the ADA and section 308.2 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

T. The women's restroom lavatory pipes are not insulated to protect against scalding or

7

contact, in violation of the ADA and sections 606.5 and 305.3of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

U. The women's restroom paper towel dispenser is located above allowable reach range and a trash receptacle is obstructing the clear floor space for a forward approach, in violation of the ADA and section 308.2 of the 2010 Standards and 1991 ADAAG sections 4.2.5 and 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

V. The women's restroom toilet compartment lacks required clear floor space around the water closet, in violation of the ADA and section 604.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

W. The women's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

X. The toilet paper dispenser in the women's restroom is not mounted in the required location, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.6, whose remedy is strictly required or, at minimum, readily achievable.

**Pool Area Restroom**

Y. The entrance lacks maneuvering clearance at the latch side, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, is readily achievable.

8

Z.  The restroom paper towel dispenser is located above allowable reach range and a trash receptacle is obstructing the clear floor space for a forward approach, in violation of the ADA and section 308.2 of the 2010 Standards and 1991 ADAAG sections 4.2.5 and 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

AA.  The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and sections 606.5 and 305.3of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

**Mobility Accessible Guestroom #232**

BB.  Amenities including the ironing board are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, is readily achievable.

CC.  The mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6 whose remedy is strictly required or, at minimum, readily achievable.

DD.  The water closet seat height does not meet the required range, in violation of the ADA and section 604.4 of the 2010 Standards and 1991 ADAAG section 4.17.6 whose remedy is strictly required or, at minimum, readily achievable.

EE. The bathroom lacks required 60 inches of clear floor space around the water closet, in violation of the ADA and section 604.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

FF. Grab bars inside the roll-in shower compartment are non-compliant including but not

9

limited to being located above and behind the fixed shower seat, in violation of the ADA and Section 608.2.2 of the 2010 Standards and 1991 ADAAG Section 4.20.4, whose remedy is strictly required or, at minimum, is readily achievable.

GG.     The shower sprayer and facuet controls are not located on the back wall and are located above allowable reach range, in violation of the ADA and Sections 608.5.2 and 308.2.1 of the 2010 Standards and Sections 4.21 and 4.27 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

HH.     The shower sprayer hose does not meet required length, in violation of the ADA and Sections 607.6 and 308.2.1 of the 2010 Standards and Section 4.21.6 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

II.  The fixed shower seat does not meet required dimensions, is not located on the wall adjacent the controls and is located greater than 1 ½ inches from the adjacent wall and greater than 3 inches from the compartment entry, in violation of the ADA and sections 610.3and 610.3.1 of the 2010 Standards and 1991 ADAAG Section 4.21.3, whose remedy is strictly required or, at minimum, readily achievable.

Type and Number of Designated Accessible Guestrooms

JJ.  Upon information and belief, the hotel lacks the required number of guestrooms equipped with mobility features, whereas for a hotel with 238 guestrooms a minimum of ten are required including three fitted with Roll-in Showers, in violation of the ADA whose remedy is strictly required or, at minimum, is readily achievable.

Guest Rooms Generally

KK.     Upon information and belief, Jill Caruso believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just rooms #223 and 127). Including the other bathtub fitted mobility accessible guestrooms.

Policies and Procedures

LL. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

MM.     The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Jill Caruso.

16.     The discriminatory violations described in Paragraph 15 by Defendant YK ENGLE RD LLC are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires further inspection of the Defendant;' place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**COUNT I**

## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17.    Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18.    The hotel at issue, as owned and operated by YK ENGLE RD LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19.    Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20.    The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21.    Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In

connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

<u>**COUNT II**</u>
<u>**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**</u>
<u>**O.R.C. §4112.01 *et seq*.**</u>

22.    Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23.    YK ENGLE RD LLC owns or operates a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

24. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant's property is replete with barriers to handicap access that discourage, dissuade and impair usage of the hotel's amenities and ability to navigate the property.  Defendant's unlawful acts also impair the Plaintiff's ability to perform the important basic function of bathing in her own transient lodging guestroom. Ms. Caruso has personally experienced all the numerous barriers noted herein and have greatly impacted her personal access and enjoyment of the hotel.

25. The Defendant's acts are willful, severe and ongoing.

26. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to come into full compliance with the

implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

 For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. 0074743
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
Email: obdjr@owendunnlaw.com